**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-80090-BLOOM/Reinhart**

JOEL MEDGEBOW,
*individually and on behalf*
*of all others similarly situated*,

      Plaintiff,

v.

CHECKERS DRIVE-IN
RESTAURANCTS, INC.,

      Defendant.

_____/

**ORDER ON MOTION FOR PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT AND SETTING FAIRNESS HEARING**

**THIS CAUSE** is before the Court upon Plaintiff Joel Medgebow's ("Plaintiff")

Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. [15]

("Motion"), filed on May 22, 2019.  The Court has carefully reviewed the Motion and attachments,

the record in this case and the applicable law, and is otherwise fully advised.  Accordingly, the

Court **GRANTS** the Motion, **ECF No. [15]**, as follows:

**I.     PRELIMINARY APPROVAL OF SETTLEMENT**

1.     As used in this Order, unless otherwise noted, all capitalized terms shall have the

definitions and/or meanings given them in the Parties' Settlement Agreement, ECF No. [15-1] (the

"Agreement").

2.     The Court has jurisdiction over the subject matter and the Parties to this proceeding

pursuant to 28 U.S.C. § 1332.

3.     Venue is proper in this District.

4.     It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted).  In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial.  *Id.*; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5.     The Court preliminarily approves the Agreement subject to the Fairness Hearing, the purpose of which will be to decide whether to grant final approval of the Agreement.  The Court finds that the Agreement, the Settlement set forth therein, and all exhibits attached thereto or to the Motion are fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class and within the range of possible judicial approval to warrant sending notice of the Litigation and the proposed Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

## II.     THE CLASS, REPRESENTATIVE, AND CLASS COUNSEL

6.     The Court finds, for settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore preliminarily certifies the following class:

> All persons in the United States (i) identified in the Settlement Class List (ii) who between January 28, 2018 and [the date of preliminary approval] (the "Class Period"), attempted to unsubscribe from receiving text messages from Checkers' short code 88001, by texting "stop," "cancel," "unsubscribe," "end," "quit," "optout," "opt out," "remove," "cancelar," "arret," or "arrette" (or any variation thereof) and were subsequently sent text message advertisements or promotions

from Checkers to their cellular telephone and did not re-subscribe to receive text messages.

This class specifically excludes persons in the following categories: (A) individuals who are or were during the Class Period officers or directors of Checkers Drive-In Restaurants, Inc. ("Checkers") or any of its respective affiliates; (B) the district judge and magistrate judge presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to either of them; and (C) all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with Section III(D) of the Agreement.

7.      The Court recognizes that Checkers reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason.  The Parties reserve and retain all of their rights in the event the Settlement does not become Final for any reason.

8.      For settlement purposes only, the Court preliminarily appoints Plaintiff Joel Medgebow as Class Representative.

9.      For settlement purposes only, the Court appoints the following persons and firms as Class Counsel for the Settlement Class:

> Seth M. Lehrman, Esq.
> EDWARDS POTTINGER, LLC
> 425 North Andrews Avenue, Suite 2
> Fort Lauderdale, FL 33301
>
> Joshua H. Eggnatz, Esq.
> Michael J. Pascucci, Esq.
> EGGNATZ | PASCUCCI
> 7450 Griffin Road, Suite 230
> Davie, FL 33314

10.      At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness."  4 Newberg on Class Actions § 11.26.

"Preliminary approval is appropriate where the proposed settlement is the result of the parties'
good faith negotiations, there are no obvious deficiencies and the settlement falls within the range
of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646-CIV, 2010 WL 2401149, at *2 (S.D. Fla.
Jun. 15, 2010).  Settlement negotiations that involve arm's length, informed bargaining with the
aid of experienced counsel support a preliminary finding of fairness.  *See* Manual for Complex
Litigation, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness
may attach to a class settlement reached in arm's-length negotiations between experienced, capable
counsel after meaningful discovery.") (internal quotation marks omitted).

11.     The Court preliminarily approves the Settlement, together with all exhibits thereto,
as fair, reasonable and adequate.  The Court finds that the Settlement was reached in the absence
of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties
and their capable and experienced counsel.  The Court further finds that the Settlement, including
the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that:
(a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval;
and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the
Settlement, and schedule a Fairness Hearing to assist the Court in determining whether to grant
Final Approval to the Settlement and enter a Final Approval Order.

### III.     NOTICE TO CLASS MEMBERS

12.     Upon entry of this Order, the Court approves Kurtzman Carson Consultants LLC
as the designated Settlement Administrator.

13.     The Settlement Class Notice Program shall be effectuated as follows:

> a.     Within ten (10) days of the entry of this Order, the Parties shall provide to the
> Settlement Administrator the Settlement Class List with sufficient records
> identifying the telephone numbers of the Persons to which the text messages

were sent by or on behalf of Checkers.  The Settlement Administrator shall use these telephone numbers to determine the mailing addresses for the Settlement Class Members.

b.      No later than forty-two (42) Days after the entry of this Order, the Settlement Administrator will mail (and e-mail where applicable) the Mail Notice to all such members of the Settlement Class whose addresses were derived as part of the process described in the Paragraph above and in accordance with the Agreement.

c.      The Settlement Administrator will maintain the Settlement Website in accordance with the Agreement.

d.      The Settlement Administrator will file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing.

14.     The form and content of the Class Notice are fair, reasonable, and adequate, and Class Notice shall be disseminated to the Settlement Class in accordance with the Agreement and as due process and Rule 23 of the Federal Rules of Civil Procedure require.

15.     The Court finds that the Settlement Class Notice Program is reasonably calculated, and the best under the circumstances, to apprise the Settlement Class: (a) of the pendency of the Litigation and the essential terms of the Settlement; (b) of the procedures for allocating the Settlement Fund; (c) of any requested amounts for an Attorneys' Fee Award and a Service Award; (d) of right of members of the Settlement Class to exclude themselves from the Settlement Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; (f) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for an Attorneys' Fee Award and/or a Service Award and, if he or she desires, enter an appearance

personally or through counsel; (g) the time and place of the Final Approval Hearing; and (h) prominently display the address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries.  The Court further finds that the Class Notice is written in plain English and is readily understandable by members of the Settlement Class.

16.     The Court finds the Settlement Class Notice Program: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed Settlement; (iii) is designed to reach a high percentage of Settlement Class members and is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive Class Notice; and (iv) meets all requirements of applicable law.  Therefore, the Court approves the Notice Program and the form and content of the Notices.

17.     No later than ten (10) days before the Fairness Hearing, the Settlement Administrator shall file a declaration with the Court attesting to the: (a) completion of the Settlement Class Notice Program; and (b) number of valid claims, opt-outs, and objections.

### IV.   CLAIM FORM

18.     The Court adopts the Claim Deadline and approves the Claim Form in substantially the same form as the Claim Form attached to the Agreement.  Any member of the Settlement Class who wishes to receive benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement, and such Claim Form shall be postmarked or submitted online no later than 35 days after dissemination of the Mail Notice. Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

## V.      EXCLUSION REQUESTS

19.     Any member of the Settlement Class who wishes to opt-out or exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion sent to the Settlement Administrator at the address on the Class Notice and to be postmarked no later than 35 days after dissemination of the Mail Notice (the "Opt-Out and Objection Date").

20.     The opt-out request must be personally signed by the Settlement Class Member requesting exclusion and contain the following information:

a)      The name, address, telephone number of the Person opting out;

b)      Identify the case name;

c)      Identify the cellular telephone number(s) where the person received a text message from Checkers;

d)      Be personally signed by the Settlement Class Member, and class or group requests for exclusion shall be prohibited; and

e)      Contain a statement that indicates a desire to be excluded from the Settlement Class.

A timely and valid request to opt-out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Settlement Administrator shall compile a list of all Settlement Class Members who properly and timely submit an opt-out request (the "Opt-Out List").

21.     Any Settlement Class Member who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

## VI.    OBJECTIONS

22.    Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness, or adequacy of the Agreement or the proposed Settlement or who wishes to object to the Attorneys' Fee Award or Service Award, must file with the Court and serve on Class Counsel and Checkers' Counsel, postmarked no later than the Opt-Out and Objection Date, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

a)    The name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel with counsel's contract information;

b)    The case name and number;

c)    A signed declaration stating that he or she is a member of the Settlement Class and that he or she received one or more text messages sent by or on behalf of Checkers, along with his or her cellular telephone number(s) texted by Checkers;

d)    A statement of all objections to the Settlement with the specific factual and legal basis for each objection;

e)    A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend;

f)    A list of any other objections filed in any court for the past five (5) years;

g)    If he or she is represented by counsel, a list of objections filed by that counsel in any court for the past (5) years; and,

h)    Any and all agreements that relate to the objection or the process of objecting— whether written or oral—between objector or objector's counsel and any other person or entity.

      i)      Any objection must be personally signed by the Settlement Class Member.  Class or group objections shall be prohibited.

23.      Any member of the Settlement Class who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph (Paragraph 23) and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement or the Agreement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

24.      Any objections must be appropriately filed with the Court no later than the Opt-Out and Objection Date, or alternatively they must be mailed to the Court at the address below and postmarked no later than the Opt-Out/Objection Deadline.

> Clerk of Court
> United States District Court for the Southern District of Florida
> Wilkie D. Ferguson, Jr. Courthouse
> 400 North Miami Avenue
> Chambers 10-2
> Miami, Florida 33128
>
> Attention: "Medgebow v. Checkers Drive-In Restaurants Inc.,
> Case No. 9:19-cv-80090-Bloom

A copy of the objection, postmarked no later than the Opt-Out and Objection Date, must also be mailed to Class Counsel and Counsel for Checkers at their designated addresses.

25.      No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to Counsel, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs.  The Parties shall have the right to take discovery (including written discovery and depositions) from any Settlement Class Member that objects to the Settlement without further leave of court.  If the Settlement Class

Member that objects to the Settlement is represented by counsel, the Parties shall also have the right to take discovery from the Settlement Class Member's counsel without further leave of court.

26.     Any Settlement Class Member who does not file a written objection in the time and manner described above shall be: (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Fairness Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

27.     Any objecting Settlement Class Member who intends to appear at the Fairness Hearing, either with or without counsel, must also file a notice of intention to appear with the Court postmarked no later than the Opt-Out/Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to Class Counsel and Counsel for Checkers, as set forth above.

     a.     The Notice of Intention to Appear must include: (a) the case name and number; (b) the Settlement Class Member's name, address, telephone number, and signature, and, if represented by counsel, their contact information; (c) the cellular telephone number(s) where he/she received a text message from Checkers; (d) copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing; and (e) identify any witnesses that the Settlement Class Member intends to call;

     b.     If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must identify any attorney representing the objector who will appear at the Fairness Hearing and include the attorney(s)

name, address, phone number, e-mail address and state bar(s) to which counsel is admitted.  Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the Attorneys' Fee Award will be at the Settlement Class Member's own expense;

c.   If the objecting Settlement Class Member intends to present any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing, the objecting Class Member must provide copies of all such evidence to Class Counsel and Counsel for Checkers with his or her Notice of Intention to Appear; and,

d.   The Settlement Administrator will establish a post office box to be used for receiving requests for exclusion or objections, Claim Forms and any other communications relating to this Settlement.

Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth herein and set forth in the Agreement, shall not be entitled to appear at the Final Approval Hearing and raise any objections.

28.   Except for those Settlement Class Members who timely and properly file a request for exclusion, all Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

29.   The Court preliminarily enjoins all Settlement Class Members, unless and until they have timely excluded themselves from the Settlement Class, from (a) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on,

relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (c) attempting to effect opt-outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.  Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Checkers, any other Released Party and Class Counsel as a result of the violation. This Order is not intended to prevent Settlement Class Members from participating in any action or investigation initiated by a state or federal agency.

## VII.   FAIRNESS HEARING

30.    A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate (the "Fairness Hearing") shall be conducted on **September 17, 2019 at 9:30 a.m.** in the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Courtroom 10-2, Miami, Florida 33128.

31.    The Court may reschedule the Fairness Hearing without further mailed notice.  If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket and shall be posted to the Settlement Website.

32.     Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than sixty (60) days after the Class Notice Date.

33.     An application of Class Counsel for an award of fees and expenses and the Class Representatives Service Award shall be filed with the Court no later than fourteen (14) days prior to the Objection Deadline.

34.     All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Agreement and this Order.

35.     Defendant shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than seven (7) days before the Fairness Hearing.

## VIII.   OTHER PROVISIONS

36.     This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason.  In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

37.     The terms and provisions of the Agreement may be amended by agreement of the Parties in writing or with approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

Case No. 19-cv-80090-BLOOM/Reinhart

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 28, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

14