UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-80090-BLOOM/Reinhart

JOEL MEDGEBOW,
*individually and on behalf
of all others similarly situated*,

    Plaintiff,

v.

CHECKERS DRIVE-IN
RESTAURANCTS, INC.,

    Defendant.
_____/

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARDING SERVICE AWARD, ATTORNEYS' FEES AND COSTS, AND FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Application for Service Award, Attorneys' Fees, and Costs, ECF No. [19], and the Unopposed Motion for Final Approval of Class Settlement, ECF No. [21] (together, the "Motions"). On May 28, 2019, this Court granted preliminary approval to the proposed class action settlement set forth in the Stipulation and Settlement Agreement (the "Settlement Agreement") between Plaintiff Joel Medgebow ("Plaintiff"), on behalf of himself and all members of the Settlement Class,[1] and Defendant Checkers Drive-In Restaurants, Inc. ("Checkers") (collectively, the "Parties"). ECF No. [17]. The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the Settlement Class Members, and set a Final Approval Hearing to take place on September 17, 2019.

---

[1] Unless otherwise defined, capitalized terms in this Order have the definitions found in the Settlement Agreement.

On September 17, 2019, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing Plaintiff's Amended Complaint on the merits and with prejudice in favor of Checkers and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to Plaintiff. *See* ECF No. [22]. Accordingly, it is **ORDERED AND ADJUDGED** that the Motions, **ECF Nos. [19], [21]**, are **GRANTED** as follows:

## I. JURISDICTION OF THE COURT

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Litigation" or the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II. CERTIFICATION OF SETTLEMENT CLASS

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies the Settlement Class, as identified in the Settlement Agreement: All persons in the United States (i) identified in the Settlement Class List (ii) who between January 28, 2018 and May 28, 2019 (the "Class Period"), attempted to unsubscribe from receiving text messages from Checkers' short code 88001, by texting "stop," "cancel," "unsubscribe," "end," "quit," "optout," "opt out," "remove," "cancelar," "arret," or "arrette" (or any variation thereof) and were subsequently sent text message advertisements or promotions from Checkers to their cellular telephone and did not re-subscribe to receive text messages. Persons meeting this definition are referenced herein collectively as the "Settlement Class," and individually as "Settlement Class Members."

1. Notwithstanding the foregoing, this class specifically excludes persons in the following categories: (A) individuals who are or were during the Class Period officers or directors of Checkers or any of its respective affiliates; (B) the district judge and magistrate judge presiding

over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to any of them; and (C) all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with Section III(D) of the Settlement Agreement.

### III. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5. The Court finally appoints attorneys Seth Lehrman of Edwards Pottinger, LLC and Joshua Eggnatz and Michael Pascucci of Eggnatz Pascucci, P.A. as Class Counsel for the Settlement Class.

6. The Court finally designates Plaintiff Joel Medgebow as the Class Representative.

### IV. NOTICE AND CLAIMS PROCESS

7. The Court makes the following findings on notice to the Settlement Class:

(a) The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court, and any other applicable law.

(b) The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment (i) constitute the most effective and best practicable notice under the circumstances of the relief available to

Settlement Class Members pursuant to the Agreement; (ii) reached a high percentage of the Settlement Class and constitutes due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court, and any other applicable laws.

## V. FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8. The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members. Full opportunity has been given to the Settlement Class Members to exclude themselves from the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees, costs, and expenses and for payments to the Class Representatives, and otherwise participate in the Final Approval Hearing.

## VI. ADMINISTRATION OF THE SETTLEMENT

9. The Parties are directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10. The Court approves Class Counsel's request for attorney fees in the amount of $1,038,555.55, plus costs in the amount of $3,708.97. The Court finds that the requested fees of 30% of the Settlement Fund are reasonable under the percentage-of-the fund and benefit approach.

11. The Settlement Administrator shall pay Class Counsel the total amount of $1,042,264.52 as reasonable attorneys' fees, inclusive of the award of reasonable costs incurred in

this Action. The award of attorneys' fees and costs to Class Counsel shall be paid out of the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

12. The Court finds that no objections were submitted by any Settlement Class Member.

13. The Court awards a Service Award in the amount of $5,000.00 to Plaintiff Joel Medgebow payable pursuant to the terms of the Settlement Agreement.

### VII. RELEASE OF CLAIMS

14. Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order and Judgment, have fully, finally and forever released, relinquished and discharged Checkers and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

15. Furthermore, all Settlement Class Members who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or Released Claims or that could have been brought in the Action.

16. The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17. The Releases, which are set forth in Section V of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Settlement Class Members (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a) The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section III(D) of the Settlement Agreement.

(b) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c) The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted-out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

18. Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

### VIII. NO ADMISSION OF LIABILITY

19. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order and Judgment, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Checkers or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Checkers of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing by Checkers or any Released Party;

(b) offered by any person or received against Checkers or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Checkers or any Released Party; or

(c) offered by any person or received against Checkers or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX. OTHER PROVISIONS

20. This Final Order and Judgment and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

22. In the event that the Effective Date does not occur, this Final Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Litigation.

23. This Litigation, including all individual claims and class claims presented herein, is **DISMISSED** on the merits and **WITH PREJUDICE** against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 18, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record